Michael Fuller, OSB No. 09357
Underdog Law Office
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

Of Pro Bono Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **LYNNE SILVA** | Case No. 6:25-cv-135 |
| Plaintiff | **COMPLAINT** |
| vs | Unlawful Trade Practices (28 U.S.C § 1332) |
| **MANDALA JOURNEY WORKS LLC** | **DEMAND FOR JURY TRIAL** |
| Defendant | |

**COMPLAINT** – Page 1 of 7

1.

## JURISDICTION, VENUE & DIVISION

Jurisdiction is proper under 28 U.S.C. § 1332 because plaintiff is a citizen of Washington, defendant is a citizen of Oregon, and the amount in controversy requirement is satisfied.

2.

Venue and division is proper under 28 U.S.C. § 1391 and LR 3–2 because a substantial part of the events and omissions giving rise to plaintiff's claim for unlawful trade practices occurred in Lane County, Oregon.

3.

## FACTUAL ALLEGATIONS

Plaintiff is an individual and a "person" under ORS 646.605(4). Defendant is a limited liability company and a "person" under ORS 646.605(4).

4.

Defendant advertises and operates psilocybin retreats in Eugene, Oregon in the course of its business under ORS 646.608(1).

5.

Defendant's psilocybin retreats are "goods or services" under ORS 646.605(6)(a) because they are obtained primarily for personal purposes.

**6.**

In the summer of 2024, defendant advertised a four-day, three-night women's psilocybin retreat to take place in Eugene, Oregon. Defendant advertised that its retreat would include outdoor activities in the forests surrounding Eugene and accommodations in a spacious, supportive, and tranquil home featuring three separate living areas for breakout sessions and quiet self-reflection and an enclosed backyard for privacy.

**7.**

In reliance on defendant's retreat advertisement above, plaintiff paid a non-refundable deposit to defendant on July 25, 2024, and later paid defendant's $3,000 purchase price in full.

**8.**

On November 1, 2024, plaintiff traveled from her home in Vancouver, Washington to Eugene, Oregon to attend defendant's retreat.

**9.**

After arriving at defendant's retreat, plaintiff began to see that the retreat had been falsely advertised.

**10.**

Instead of the price of the psilocybin defendant had advertised, defendant charged a higher price at the retreat.

11.

Instead of a spacious home with three separate living areas as defendant had advertised, plaintiff was placed in an Airbnb that was so small that an attendee was forced to sleep in the common area, and the common area could not be used after the attendee went to bed for the night.

12.

Defendant then admitted that it had failed to reserve the Airbnb for the third night, and so plaintiff and the attendees were forced to move to a new Airbnb in the University district of Eugene, further away from the forests outside the city. Instead of enjoying the psilocybin retreat in tranquility as advertised, plaintiff and the other attendees were forced to rush through the morning ceremony so they could abruptly pack up and move Airbnbs. The new Airbnb was not spacious, did not even have a dining table, did not have a backyard with privacy from neighbors, and was far from tranquil as defendant had advertised.

13.

Defendant's retreat also failed to provide plaintiff access to outdoor activities in the forests surrounding Eugene as advertised. Instead, defendant took plaintiff and the other attendees into the yard of the first Airbnb, later took them to a city park, then killed time by driving them around downtown Eugene.

14.

## CLAIM FOR RELIEF

—ORS 646.638—

Prior to filing this case, defendant refused plaintiff's written request for a refund of the purchase price paid to defendant for the retreat. As alleged in this complaint, in the regular course of its business, defendant used or employed a method, act or practice declared unlawful under ORS 646.608(1)(e) and (i) by misrepresenting that its retreat had characteristics, uses, benefits, and qualities that it did not actually have, and by advertising its retreat with intent not to provide the retreat as advertised, causing plaintiff an ascertainable loss of the purchase price that she paid defendant. But for defendant's misrepresentations, omissions, and false advertising about its retreat as alleged in this complaint, plaintiff would not have chosen to use, purchase, or pay for defendant's retreat. Defendant's use or employment of a method, act or practice declared unlawful under ORS 646.608(1)(e) and (i) as alleged in this complaint was willful because under the circumstances, defendant knew or should have known that its services and retreat were not going to be provided as advertised and were misrepresented and refused to provide plaintiff with a refund upon request even after acknowledging that its retreat and services were not provided as advertised.

15.

Under ORS 646.638, plaintiff respectfully requests a finding that defendant willfully violated the Oregon Unlawful Trade Practices Act, and judgment for actual damages or statutory damages of $200, whichever is greater, and for reasonable attorney fees, costs and disbursements.

16.

On January 27, 2025, plaintiff mailed a copy of this complaint to the Oregon Attorney General according to ORS 646.638(2).

17.

**REQUEST FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury.

18.

PRAYER

Plaintiff seeks relief against defendant as requested above, and for any other relief this Court may determine is fair. Plaintiff reserves the right to amend this complaint to adjust the claims for compensation and damages and to add claims and additional theories of liability and additional defendants, if appropriate. Some of the complaint's allegations are based in part on the memory of witnesses, which may later prove to be inaccurate in parts, and so the complaint may later be amended before trial to conform the allegations to the evidence obtained throughout the case. This complaint is made on personal knowledge as to plaintiff's actions and based on information and belief as to the actions of others.

January 27, 2025

RESPECTFULLY FILED,

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Of Pro Bono Attorneys for Plaintiff
Underdog Law Office
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**COMPLAINT** – Page 7 of 7